SARAH McVAY PAWLICK *vs.* THOMAS BIRMINGHAM & another.[1] December 30, 2002. *General Court. Constitutional Law,* General Court, Initiative petition. *Initiative. Declaratory Relief.*

Sarah McVay Pawlick appeals from a judgment of a single justice of this court dismissing her complaint for declaratory relief. She seeks a declaration of the duties of the President of the Massachusetts Senate, in his capacity as a "private citizen," under art. 48, The Initiative, IV, as amended by art. 81, § 1, of the Amendments to the Massachusetts Constitution.[2,3] Her complaint alleges that the Senate President acted unlawfully in failing to bring a so-called initiative amendment to a vote of a joint session of the General Court, in accordance with art. 48, The Initiative, IV, §§ 2-4. The single justice did not err in denying the requested relief.

Regardless of the capacity in which the Senate President is named, the fact is that the plaintiff seeks a declaration with respect to his official duties as Senate President. As a private citizen, the Senate President has no official duties, and the plaintiff has no actual controversy with him in that capacity. See G. L. c. 231A, § 1. Declaratory relief is likewise unwarranted, in the circumstances present here, with respect to the Senate President's official duties as the presiding officer of an art. 48 joint session of the General Court. See, e.g., *LIMITS* v. *President of the Senate*, 414 Mass. 31, 31 n.3, 35 (1992) ("Just as a judicial order directing the joint session to act is not appropriate, declaratory relief is not available to the plaintiffs as a remedy"); G. L. c. 231A, § 2. The single justice did not err in denying the requested relief.[4]

*So ordered.*

*J. Edward Pawlick* for the plaintiff.
*Peter Sacks,* Assistant Attorney General, for the defendants.

---

[1]Secretary of the Commonwealth.

[2]The plaintiff does not allege an actual controversy with the Secretary of the Commonwealth with regard to his performance of duty, nor does her complaint seek any relief against him. The complaint was properly dismissed as to the Secretary.

[3]The plaintiff also requests a "clarification" concerning the "duties of each legislator when they vote" on an initiative amendment. Neither the joint session nor its members are named as parties and, in any event, that relief is unwarranted in the circumstances of this case. See *LIMITS* v. *President of the Senate*, 414 Mass. 31, 35 (1992); G. L. c. 231A, § 1.

[4]We confine our review to the decision of the single justice, based on the record and arguments before him.